DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas. We had remanded the case to the trial court for resentencing. Because we conclude that the trial court did not err in imposing consecutive sentences, we affirm.
 {¶ 2} Appellant was originally convicted on two counts of drug abuse in violation of R.C. 2925.11(A) with prior conviction
 {¶ 3} specifications. Appellant appealed his conviction and sentence. The sentence was reversed and remanded to the trial court. See State v. Nicholson (May 25, 2001), Erie App. No. E-990983.
 {¶ 4} On remand, the trial court resentenced appellant to five years on each count, to be served consecutively to each other. Appellant now appeals, setting forth the following sole assignment of error:
 {¶ 5} "The trial court erred in sentencing the appellant to consecutive sentences."
 {¶ 6} Appellant argues that the trial court based its decision to impose consecutive sentences on the fact that appellant committed the alleged offenses while released on bond in a pending federal case. The federal case was ultimately dismissed.
 {¶ 7} When imposing consecutive sentences, a trial court may require an offender to serve multiple prison terms consecutively, if the court finds that it is necessary to:
 {¶ 8} "protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "* * *
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 11} In this case, a thorough reading of the record indicates that the trial court not only considered, but specifically noted that the federal case against appellant was ultimately dismissed. The fact that those charges were dismissed, however, was irrelevant to the trial court's basis in imposing consecutive sentences. The trial court reasoned that, at the time appellant committed the offense in the instant case, he was free on bond while under federal charges. In other words, at a time when appellant certainly should have been law abiding, he was engaging in criminal activities. The trial court found specifically that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and that appellant's criminal history indicated no sense of remorse for his criminal activities. Based upon those facts, the court found that appellant's history of criminal conduct and the danger he posed to the public warranted consecutive sentences. Therefore, we cannot say that the trial court erred in imposing consecutive sentences.
 {¶ 12} The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.